**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAOHONG LIU,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-70320<br><br>Agency No. A099-368-921<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 5, 2016[**]
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Baohong Liu, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) denial of his applications for asylum, withholding of removal, and

relief under the Convention Against Torture (CAT). We deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's adverse credibility determination. Liu's testimony regarding the location of his post-arrest detention—a highly salient event for his claims—was internally inconsistent, and his explanation for the contradictions did not dispel the confusion. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Additional inconsistencies and omissions also undermined Liu's credibility. Liu's declaration did not mention that the police visited his home after he was arrested, even though that fact, which he testified to during the hearing, would have been material to his claims. *See Kin v. Holder*, 595 F.3d 1050, 1056–57 (9th Cir. 2010). Liu also provided inconsistent explanations for that omission: He first testified that he left out this detail because he "dare[d] not to write [that] the police came to look for me," but he later testified that he omitted it simply on account of a faulty memory.

Liu's account also lacked a number of salient details. Liu failed to explain satisfactorily exactly when he was baptized, when he went to Beijing to obtain a visa, or how long the police beat him after detaining him. Although the REAL ID Act does not expressly list lack of detail as a factor that may be considered in credibility determinations, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), "the pre-REAL ID Act practice of looking to the level of detail of the claimant's testimony to assess credibility . . . remains viable under the REAL ID Act," *Shrestha*, 590 F.3d at 1040

(citation omitted). Finally, Liu failed to present evidence corroborating his claims, even after the IJ granted a continuance specifically to allow him to acquire corroboration. *See id.* at 1047–48.

In light of these inconsistencies and omissions, we cannot say that the evidence would compel a reasonable adjudicator to reach a contrary result, as is required to overturn an adverse credibility determination. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We therefore uphold the denial of Liu's applications for asylum, withholding of removal, and CAT relief, as none of those claims could succeed in the absence of credible testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–58 (9th Cir. 2003).

**PETITION DENIED.**